| | UNITED STATES DISTRICT COURT | Priority |
|---|---|---|
| JS - 6 | CENTRAL DISTRICT OF CALIFORNIA | Send ___<br>Enter ___<br>Closed ___<br>JS-5/JS-6 ___<br>Scan Only ___ |
| | CIVIL MINUTES - GENERAL | |

cc: order, docket, remand letter to
Los Angeles Superior Court, No. BC 058229

**CASE NO.:** CV 12-04903 SJO (AGRx)     **DATE:** June 19, 2012

**TITLE:**     Courtney Coombs v. Wells Fargo Bank, N.A., et al.

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                                Not Present
Courtroom Clerk                                                Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**          **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                                     Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT** [Docket No. 1]

This matter comes before the Court on Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Notice of Removal filed on June 5, 2012. Wells Fargo removed this matter from Los Angeles Superior Court, where Plaintiff Courtney Coombs filed her Complaint against Defendants Wells Fargo and First American Title Company[1] ("First American") (collectively, "Defendants"). For the following reasons, the Court **REMANDS** this action to Los Angeles Superior Court.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Courtney Coombs ("Plaintiff") is an individual residing at 5248 Stardust Road in La Canada Flintridge, California ("the Property"). (Not. of Removal Ex. 1 ("Compl.") ¶ 1, June 5, 2012, ECF No. 1.) Plaintiff alleges that she entered into a written loan agreement with Wells Fargo on or around May 13, 2005 in which Wells Fargo agreed to loan Plaintiff money secured by the Property and Plaintiff included a Deed of Trust naming Wells Fargo as the beneficiary and First American as the trustee. (Compl. ¶ 12.) Plaintiff alleges that when she began to suffer financial difficulties in 2009, Wells Fargo informed her that the only way she could qualify for a loan modification would be if she became delinquent on her mortgage payments. (Compl. ¶¶ 13-14.) Plaintiff then became delinquent on her mortgage payments and was told by Wells Fargo that she was preapproved for a loan modification. (Compl. ¶ 15.) On or around October 26, 2009, First American recorded a Notice of Default and Election to Sell Under Deed of Trust ("Notice of Default") without first satisfying various due diligence requirements enumerated in California Civil Code sections 2923.5 and 2924. (Compl. ¶¶ 19-22.) Plaintiff alleges that when she contacted Wells Fargo concerning the Notice of Default, Wells Fargo assured her that it was an error, that

---

[1] Plaintiff has erroneously identified Defendant as "First American Title Company." (Not. of Removal 2.) Defendant's true name is "First American Trustee Servicing Solutions." (Not. of Removal 4.)

CASE NO.: CV 12-04903 SJO (AGRx)     DATE: June 19, 2012

no foreclosure activity was proceeding against her home, and that she was still pre-approved for the loan modification. (Compl. ¶ 23.) However, on January 3, 2012, First American recorded another Notice of Trustee's Sale on Plaintiff's property. (Compl. ¶ 24.) Plaintiff alleges that Defendants have failed to provide proper accounting of arrearage under the Deed of Trust and that she is unable to ascertain what she owes to cure the deficiencies under the Deed of Trust. (Compl. ¶ 25.) Plaintiff believes that Defendants have wronfully initiated foreclosure proceedings against her. (Compl. ¶ 34.)

On May 4, 2012, Plaintiff filed a Complaint in Los Angeles County Superior Court against Wells Fargo, First American, and Does 1-100. (Compl. ¶¶ 1-4.) Plaintiff's Complaint alleges the following causes of action: (1) unfair competition in violation of California Business and Professions Code section 17200 (Compl. ¶¶ 30-53); (2) violations of California Business and Professions Code section 17500 (Compl. ¶¶ 54-61); (3) wrongful foreclosure (Compl. ¶¶ 62-65); (4) promissory estoppel (Compl. ¶¶ 66-72); (5) negligent misrepresentations (Compl. ¶¶ 73-78); and (6) fraud (Compl. ¶¶ 79-84.) Wells Fargo removed this action on June 5, 2012, invoking the Court's diversity jurisdiction. (Not. of Removal 1-2, June 5, 2012, ECF No.1.)

II.     DISCUSSION

   A.     *Sua Sponte* Consideration of Subject Matter Jurisdiction

The Court raises the issue of subject matter jurisdiction *sua sponte*. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court is mandated to remand the case. *See* 28 U.S.C. § 1447(c). The Ninth Circuit has held that "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002). The Court finds it appropriate to determine whether subject matter jurisdiction exists.

The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quotation marks omitted).

   B.     Diversity Jurisdiction

Wells Fargo argues that this Court has jurisdiction under 28 U.S.C. § 1332(a), which requires complete diversity. Wells Fargo contends that complete diversity exists because: (1) Plaintiff is a citizen of California; (2) Wells Fargo is a citizen of South Dakota and no other state; and (3) First American, the foreclosure estate, is a non diverse party. (Not. of Removal 3-4.) However, Wells Fargo argues that First American's citizenship is irrelevant for determining diversity because it filed

| | |
|---|---|
| CASE NO.: <u>CV 12-04903 SJO (AGRx)</u> | DATE: <u>June 19, 2012</u> |

a declaration of non-monetary status pursuant to California Civil Code section 29241. (Not. of Removal 4.)

Federal jurisdiction founded on 28 U.S.C. § 1332(a) requires complete diversity – all plaintiffs must be of different citizenship than all defendants – and an amount in controversy exceeding $75,000. *See* U.S.C. 28 § 1332(a); *see also Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (9th Cir. 1981) (noting that "[d]iversity jurisdiction requires that the plaintiffs and each defendant be citizens of different states").

Plaintiff is an individual residing in California. (Compl. ¶ 1.) For diversity purposes, an individual is a "citizen" of the state where he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's residence can be *prima facie* evidence of citizenship. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). In the absence of any evidence to the contrary, the Court finds that Plaintiff is a citizen of California based on the *prima facie* showing of her residence. Therefore, to establish complete diversity under § 1332(a), Wells Fargo must show that none of the Defendants is a citizen of California.

Wells Fargo alleges that it is a citizen of South Dakota and no other state. (Not. of Removal 3.) Wells Fargo notes that it is chartered and has its "main office" in South Dakota. (Not. of Removal 3.) However, Wells Fargo "has regularly described its principal place of business as San Francisco, California." *Stewart v. Wachovia Mortg. Corp., et al.*, No. 11-CV-06108, 2011 WL 3323115, at *4 (C.D. Cal. Aug. 2, 2011). Federal District Courts throughout California have gone both ways as to whether a national banking association should be considered a citizen of the state where it has its primary place of business. Because of this ambiguity, the Court addresses this issue *sua sponte*.

  C. <u>Wells Fargo's Citizenship</u>

28 U.S.C. § 1348 provides: "All national banking associations shall, for the purposes of all other actions [other than actions not pertinent here] . . ., be deemed citizens of the States in which they are respectively located." In *Wachovia Bank v. Schmidt*, 546 U.S. 303 (2006), the United States Supreme Court decided whether the word "located" in § 1348 means the citizenship of national banking associations is determined by the place designated in the bank's articles of association as its main office or whether the bank was a citizen of every state in which it maintained a branch. In making its decision, the *Schmidt* Court noted that the word "located" in § 1348 "is not a word of 'enduring rigidity,' but one that gains its precise meaning from context." *Id.* at 307. The *Schmidt* Court then engaged in a review of the historical circumstances giving rise to the adoption of § 1348, finding that Congress intended to achieve the purpose of jurisdictional parity between state and national banks. The *Schmidt* Court held:

> [A] national bank, for § 1348 purposes, is a citizen of the State in
> which its main office, as set forth in its articles of association, is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES - GENERAL

CASE NO.:   CV 12-04903 SJO (AGRx)            DATE:  June 19, 2012

> located.  Were we to hold, as the Court of Appeals did, that a national bank is additionally a citizen of every State in which it has established a branch, the access of a federally chartered bank to a federal forum would be drastically curtailed in comparison to the access afforded state banks and other state-incorporated entities.

*Id.*  Thus, the *Schmidt* Court struck down the rule that a national bank is a citizen of every state in which it maintains a branch, instead opting for a rule that a national bank is a citizen of the state where its main office is located, as listed in its articles of association.  The Court did not consider, however, whether a national bank is also a citizen of the state where it maintains its principal place of business.  In *Schmidt*, the state where the main offices were located was the same state as the bank's principal place of business, which the Court acknowledged: "The absence of a 'principal place of business' reference in § 1348 may be of scant practical significance for, in almost every case, as in this one, the location of a national bank's main office and of its principal place of business coincide."   *Id.* at 317 n.9.

This is not such a case.  Wells Fargo has a principal place of business in California, but its main office, as listed in its articles of association, is in South Dakota.  *Schmidt* does not foreclose the possibility that a national bank is a citizen of the state where it has its principal place of business – that issue was not before the Supreme Court, and thus the justices did not have occasion to decide it.  As mentioned above, the *Schmidt* Court also noted that the word "located" in § 1348 is not a word of "enduring rigidity," but rather "one that gains its precise meaning from context." *Id.* at 306-07.  Therefore the Supreme Court "signaled that the definitional content it provided for the word did not foreclose the possibility that further context would support an expanded definition."  *Stewart*, 2011 WL 3323115, at *5.  Additionally, the *Schmidt* Court noted that Congress's goal in adopting § 1348 was to provide parity for state-chartered banks and national banks.  *Id*.  "A state chartered bank is a citizen not only of the state in which it is incorporated, but [also] of the state where its principal place of business is located."  *Id.*; *see also* 28 U.S.C. § 1332(c)(1).  Because state-chartered banks are citizens of their state of incorporation and also the state where their principal place of business is located, parity for national banks would be achieved by deeming them to be citizens both of the state where their articles of association list their main office and also the state where their true principal place of business is located.

One reason federal courts have subject matter jurisdiction over diversity cases is to alleviate the possibility that state courts will have a bias against "outsiders."  *See, e.g., Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1094 (9th Cir. 1990).  Courts should thus make citizenship determinations for entities "with an eye to ensuring that a[n entity] is a citizen of the place in which it is least likely to suffer prejudice. " *Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1029 (9th Cir. 2009).  Particularly where Wells Fargo has conceded that its principal place of business is in California, the Court does not believe that Wells Fargo is likely to suffer prejudice from the California state court system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES - GENERAL

CASE NO.:  CV 12-04903 SJO (AGRx)          DATE:  June 19, 2012

The Court is aware that other cases from the Central District of California have held that Wells Fargo is not a citizen of California for diversity purposes. As these decisions are not from the United States Supreme Court or the Ninth Circuit, they are not directly controlling. Other cases from the Central District of California, including *Stewart*, have applied the principal place of business test and determined that Wells Fargo is a California citizen for diversity purposes. *Stewart*, 2011 WL 3323115, at *4. The Court is persuaded by and adopts the reasoning in *Stewart*. This outcome is particularly appropriate given the Ninth Circuit's admonition that District Courts should reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566; *see also Couture v. Wells Fargo Bank, N.A.*, No. 11–CV–1096, 2011 WL 3489955, at *3 n.3 (S.D. Cal. Aug. 9, 2011) (noting that Wells Fargo's citizenship is "a murky jurisdictional issue . . . . [and that] it remains unsettled whether, for the purposes of diversity jurisdiction, a national bank is a citizen solely of the state listed on its articles of association as its main office or of both that state and the state of its principal place of business.")

The Court concludes that Wells Fargo is a citizen of California because its principal place of business is in California. In the absence of complete diversity, the Courts does not have subject matter jurisdiction. The Court need not address Wells Fargo's argument that First American's citizenship is irrelevant for the purposes of diversity.

III.     RULING

The Court **REMANDS** this case to Los Angeles Superior Court. This action shall close.

IT IS SO ORDERED.